IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL BRDAR and VICKI BRDAR, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-402-GPM |
| ) | |
| COTTRELL, INC., CASSENS & SONS, ) | |
| INC., CASSENS CORPORATION, NISSAN ) | |
| NORTH AMERICA, INC., UNKNOWN ) | |
| COMMERCIAL LESSORS, ) | |
| DAIMLERCHRYSLER CORPORATION, ) | |
| and GENERAL MOTORS ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Before the Court is Defendant Cottrell, Inc.'s motion to transfer venue to the Middle District of Tennessee under 28 U.S.C. § 1404(a), supplemented by papers listing witnesses to be called at trial and their addresses.

Plaintiff Carl Brdar was a car hauler for non-party, Cassens Transport Company, when he injured his right shoulder in Tennessee during the operation of a chain and ratchet tie down system on a rig believed to have been manufactured by Cottrell.

A court may transfer a case under 28 U.S.C. § 1404(a) "[f]or the convenience of the parties and witnesses, in the interest of justice … to any other district or division where it might have been brought." When deciding a motion to transfer, the court must specifically analyze whether transfer is warranted (1) for the convenience of the parties, (2) for the convenience of the witnesses, and

(3) in the interest of justice. *Chicago Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 302 (7th Cir. 1955). Although limited by these three factors, the Court has broad discretion in deciding whether to transfer a case. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981).

The Court rejects Plaintiffs' contention that the Middle District of Tennessee would not have personal jurisdiction over Defendants Cassens & Sons, Inc., and Cassens Corporation (the Cassens Defendants). This case is easily distinguishable from *World-Wide Volkswagen Corporation v. Woodson*, 444 U.S. 295 (1980), because, here, the Cassens Defendants intended for the truck to be in Tennessee. Therefore, the Cassens Defendants' consent to personal jurisdiction aside,[1] the Court is not limited in its analysis by this issue.

Plaintiffs' choice of forum should not be "lightly set aside." *Igoe*, 220 F.2d at 302. In other words, a plaintiff's choice of forum is entitled to great deference,[2] and it can be assumed that a plaintiff's choice of forum is convenient. *Reyno*, 454 U.S. at 255-56. As the movant, Cottrell bears the burden of showing that the transferee forum is clearly more convenient. *See, e.g., Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986); *Federal Deposit Ins. Corp. v. Citizen Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir. 1979).

The facts are: Plaintiffs are residents of the Middle District of Tennessee; the accident occurred at Carl Brdar's place of employment in the Middle District of Tennessee; the majority of

---

[1] During the December 5th hearing, counsel for Cottrell announced that the Cassens Defendants would waive any contest to personal jurisdiction in the Middle District of Tennessee.

[2] Cottrell cites numerous district court cases in which courts have transferred cases out of the plaintiffs' chosen forum to the place where the conduct and events giving rise to the action occurred after finding no connection to the plaintiffs' chosen forum (*see* Doc. 51, ¶ 5). A district court decision has no precedential authority. *Howard v. Wal-Mart Stores, Inc.*, 160 F.3d 358, 359 (7th Cir. 1998). It must be noted, however, that even in those cases, the location of the events was not dispositive; the courts still performed a balancing of the factors.

witnesses to the accident, including the individuals at Cassens Transport Company to whom Carl Brdar reported the injury, are located in the Middle District of Tennessee; and numerous medical witnesses, who treated Carl Brdar related to this injury and previous injuries, are located in the Middle District of Tennessee. Cottrell lists 16 health care professionals whom it will need to at least depose that are located in Tennessee. Finally, witnesses that are knowledgeable regarding the safety policies and training procedures at Cassens Transport Company are located in the Middle District of Tennessee.

 Plaintiffs rely predominantly on the fact that Brdar's employer, Cassens Transport Company, is "incorporated, located, and has its world headquarters in Edwardsville, Illinois," within the Southern District of Illinois. Therefore, "Plaintiff's personnel records, work orders, log sheets, healthcare records and payroll records are all located in Illinois." (Doc. 56, p. 1) Cassens Transport Company is not a party. Technology being what it is, the location of documents does not weigh heavily, if at all, in the Court's balancing of factors to determine convenience. Plaintiffs have identified 14 witnesses located in Illinois who will testify regarding injuries similar to Carl Brdar's, safety complaints involving similar ratchet systems, safety reports, and alternative designs. Many of these witnesses are or were associated with the Cassens Defendants, which are Illinois corporations with "offices for regular business activity located in Edwardsville, Madison County, Illinois" (Doc. 65, p. 2). The location of witnesses who will testify what Cottrell, personnel, and other Defendants knew at the time of Brdar's injury is an important consideration. The location of Brdar's physicians is also important, but it is almost certain that their testimony will be obtained by deposition. Physicians seldom give live testimony. In reality, it would be impossible to procure the live testimony of 16 doctors for trial.

      Cottrell has not met its burden of proving that the Middle District of Tennessee is a <u>clearly</u> more convenient forum.  Transfer is not warranted for the convenience of the parties, the witnesses, nor in the interest of justice.  Accordingly, the motion to transfer (Doc. 51) is **DENIED**.  As all parties have had ample opportunity to present their positions, Plaintiffs' motion for leave to file a supplement to its response to the motion to transfer venue (Doc. 81) is **GRANTED**.

      **IT IS SO ORDERED.**

      DATED:  1/11/06

      <u>s/ G. Patrick Murphy</u>
      G. PATRICK MURPHY
      Chief United States District Judge